ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ARTHUR ELLIS, JR., | ) |
| Plaintiff, | ) |
| v. | ) CV 310-025 |
| H. FREDERICK MULLIS, JR., et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner held at the United States Penitentiary in Beaumont, Texas, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I.  **BACKGROUND**

Upon review of Plaintiff's complaint, the Court finds that Plaintiff names the following Defendants: (1) H. Frederick Mullis, Jr., Assistant District Attorney in the Oconee Judicial Circuit; (2) William T. Straughan, Public Defender in the Oconee Judicial Circuit; and (3) the Honorable Phillip R. West, Judge, Oconee Judicial Circuit. (Doc. no. 1.)

Plaintiff claims that his civil rights were violated when he was allegedly coerced into

pleading guilty to armed robbery in the Telfair Superior Court in October of 1995. (Id. at 5, 8.) Plaintiff states that he was 16 years old at the time, and he accuses all three Defendants of knowing that Plaintiff was unable to understand what was happening during the hearing. (Id. at 5.) Plaintiff further elaborates by claiming that Judge West expressed discomfort with the proceedings and that Defendants Straughan and Mullis simply "pushed ahead" with the process, despite the fact that Plaintiff was "obviously mentally deficient." (Id. at 5, 6.) Later, Plaintiff and 25 other defendants were charged in federal court with conspiracy to possess with intent to distribute cocaine base, cocaine hydrochloride, marijuana, and ecstasy, in violation of 21 U.S.C. § 846. See United States v. Armstrong, CR 308-001, doc. no. 285 (S.D. Ga. July 10, 2008). However, Plaintiff was later dismissed from the indictment in exchange for pleading guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). See United States v. Ellis, CR 308-014, doc. nos. 1, 5 (S.D. Ga. Oct. 15, 2008). Following Plaintiff's guilty plea, the Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Plaintiff to a term of fifty (50) months of imprisonment and three (3) years of supervised release. Id., doc. nos. 5, 6, 10. Notably, Plaintiff's plea agreement contained a limited waiver of appeal provision, under which Plaintiff "voluntarily and expressly waive[d] the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding . . . ." Id., doc. no. 5, p. 8. Accordingly, Plaintiff did not file an appeal.

In January 2010, Plaintiff filed a case under 42 U.S.C. § 1983, which he later elected to pursue as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C § 2255. Ellis v. United States, CV 310-001 (S.D. Ga. June 28, 2010). The relief that Plaintiff sought in his § 2255 motion was that he should be freed from federal incarceration for being a felon

in possession of a firearm by arguing that his state conviction for armed robbery was wrongfully obtained. Id., doc. no. 1, p. 6. Judge Bowen denied Plaintiff's § 2255 motion. Id., doc. no. 10.

## II. DISCUSSION

### A. Failure to State a Claim Under § 1983

The relief that Plaintiff seeks in the instant case- to be freed from his current federal incarceration by attacking his prior state conviction- is not proper relief in a § 1983 action. The Court must consider the type of relief that Plaintiff seeks in order to properly characterize his current action. The Eleventh Circuit has repeatedly recognized the practice of looking beyond the title of a document in order to properly analyze its substance. Fugate v. Department of Corr., 301 F.3d 1287, 1288 (11th Cir.) (*per curiam*) (affirming district court's holding that plaintiff's action putatively brought pursuant to 42 U.S.C. § 1983, was properly construed as a petition for writ of habeas corpus), cert. denied, 536 U.S. 980 (2002); Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (*per curiam*) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

The kinds of relief properly sought by prisoners under a § 1983 action are generally monetary damages for injuries suffered due to, or injunctions against violations of the plaintiff's constitutional rights. See Woodford v. Ngo, 548 U.S. 81 (2006) (holding that prisoners seeking monetary damages under § 1983 must exhaust administrative remedies);

3

Wilkinson v. Dotson, 544 U.S. 74 (2005) (holding that prisoners may seek injunctive relief by challenging the constitutionality of state parole procedures under § 1983); McKinnon v. Talladega, 745 F.2d 1360, 1364 (11th Cir. 1984) (discussing differences in actions for monetary damages and actions for injunctive relief in a prisoner class action alleging violations of the Eighth Amendment). What Plaintiff is doing here- collaterally attacking his current federal incarceration by challenging a past state conviction- cannot be accomplished through the filing of a § 1983 action.[1]

Additionally, the Supreme Court has held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity has been proven. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[2] The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. The Court also stated that a claim for monetary damages or injunctive relief that challenges the plaintiff's conviction or confinement is not cognizable under § 1983. Id. at 483.

---

[1] The remedy that Plaintiff seeks concerns the fact of his conviction as opposed to the conditions of his confinement, and therefore falls squarely into the area covered by habeas corpus. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983).

[2] Although Heck involved a state prisoner filing a claim under 42 U.S.C. § 1983, it has since been determined to apply equally to federal prisoners making claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). Although this Court is not aware of a specific case that has applied Heck to a party in Plaintiff's position- a federal prisoner filing a claim under § 1983- it is convinced that the intersection of the law in Heck and Abella create firm, logical ground to do so. Accordingly, this Court will apply Heck to Plaintiff's claims.

As explained, *supra*, here Plaintiff argues that his state conviction for armed robbery should be wiped from his record, and, as a result, he should be released from his current federal incarceration. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a write of habeas corpus." Heck, 512 U.S. at 487. Thus Plaintiff's current allegations regarding his state sentence are not proper in a civil rights action. Accordingly, Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

### B. Failure to State a Claim against Defendant Mullis

Even if Plaintiff's § 1983 action were proper, he would still have no actionable claims. Plaintiff's claim against Defendant Mullis fails, as he is entitled to immunity. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes initiation and pursuit of criminal prosecution." Id. The allegations against Defendant Mullis only pertain to his traditional duties as counsel for the State in Plaintiff's underlying criminal case, and therefore, he is entitled to absolute immunity. Accordingly, Plaintiff's allegations against Defendant Mullis fail to state a claim for relief.

### C. Failure to State a Claim Against Judge West

Plaintiff's claim against Judge West also fails because he is entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity

5

because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge West was dealing with Plaintiff in a judicial capacity and whether the judge's conduct clearly fell outside his subject matter jurisdiction. See id. at 359-64.

As the complaint makes no allegation that Judge West acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether Judge West's actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), aff'd, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff's complaint against Judge West appears to concern the judge's action or inaction as it relates to the entering of Plaintiff's guilty plea: an activity of a type usually performed by judges. As such, Judge West is entitled to absolute immunity, and Plaintiff's allegations against him fail to state a claim for relief.

### D. Failure to State a Claim Against Defendant Straughan

Finally, the Court finds that Plaintiff's fails to state a claim against Defendant Straughan because he did not act under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks

6

and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law).

By representing Plaintiff during the hearing in which Plaintiff plead guilty, Defendant Straughan was simply acting in accordance with his role as counsel to a defendant in a criminal proceeding and thus is not a person acting under color of state law. Therefore, Plaintiff's allegations against him fail to state a claim for relief.

### III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of October, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE